**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**HARTFORD CASUALTY INSURANCE COMPANY,**
**an Indiana corporation,**

**Plaintiff,**

**v.** **Civil Action No. ______________**

**ASTURIAN GROUP, INC.,**
**a Virginia corporation,**

**ANDREW D. QUIROZ**

**and**

**REBECCA S. QUIROZ,**

**Defendants.**

**COMPLAINT FOR INDEMNITY AND QUIA TIMET RELIEF**

The plaintiff, Hartford Casualty Insurance Company, by counsel, in accordance with Rule 3 of the *Federal Rules of Civil Procedure*, files its Complaint against the defendants on the grounds and for the reasons set forth below.

**THE PARTIES**

1. The Hartford Casualty Insurance Company ("The Hartford") is a corporation duly organized and existing under the laws of the State of Indiana, and maintains its principal office and place of business in the State of Connecticut. The Hartford is duly authorized to engage in the surety business in the Commonwealth of Virginia.

2. The defendant, Asturian Group, Inc. ("Asturian"), is a corporation duly organized and existing under the laws of the Commonwealth of Virginia which maintains its principal office and place of business at 760 Lynnhaven Parkway, Suite 200, Virginia Beach, Virginia, 23452 (City of Virginia Beach).

3. The individual defendant, Andrew D. Quiroz, is and was at all times pertinent to this proceeding the president and a director of Asturian, and an individual citizen of the Commonwealth of Virginia. Upon information and belief, Mr. Quiroz resides at 2636 Nestlebrook Trail, Virginia Beach, Virginia 23456 (City of Virginia Beach), having previously resided at 3768 North Landing Road, Virginia Beach, Virginia 23456 (City of Virginia Beach).

4. The individual defendant, Rebecca S. Quiroz, is and was at all times pertinent to this proceeding an individual citizen of the Commonwealth of Virginia. Upon information and belief, Mrs. Quiroz resides at 2636 Nestlebrook Trail, Virginia Beach, Virginia 23456 (City of Virginia Beach), having previously resided at 3768 North Landing Road, Virginia Beach, Virginia 23456 (City of Virginia Beach).

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 in that (a) The Hartford is a citizen of the State of Indiana, (b) Asturian is a citizen of the Commonwealth of Virginia where it maintains its principal place of business, and (c) Mr. and Ms. Quiroz are citizens of the Commonwealth of Virginia. The amount in controversy exceeds $75,000, exclusive of costs and interest.

6. Venue in this Court is proper as it is specifically conferred by the provisions of 28 U.S.C. § 1391 as (a) a substantial part of the events or omissions giving rise to the claims raised by this Complaint occurred and continue to occur within this district, (b) a substantial part of the property that is the subject of the action is situated within this district, and (c) Asturian, and Mr. and Mrs. Quiroz reside within this district.

## STATEMENT OF FACTS

7. This Complaint seeks to enforce the unconditional rights of The Hartford, as surety, under a General Indemnity Agreement, and to compel the specific performance of the respective contractual obligations of Asturian, and Mr. and Mrs. Quiroz to, among other things and upon demand, exonerate and indemnify The Hartford by (a) immediately reimbursing it for any and all losses, (b) depositing funds it deems sufficient to discharge any claim asserted against it whether or not The Hartford has made any payment or established any reserve in order to protect it from any loss, cost or expense, and (c) procuring the full and complete discharge of The Hartford, all in relation to a number of contract payment and performance bonds it issued in connection with the construction of a number of federal projects in Virginia and elsewhere along the Eastern Seaboard.

### Establishment of the Surety Relationship

8. On or about April 24, 2019, The Hartford, as surety, and Asturian, as principal and corporate indemnitor, and Mr. and Mrs. Quiroz in their individual capacities as personal indemnitors (Asturian and Mr. and Mrs. Quiroz are sometimes collectively referred to as the "Indemnitors"), executed a written General Indemnity Agreement (the "GIA"). A true and accurate copy of the GIA is attached as Exhibit 1 and is incorporated by reference as if specifically set forth in this Complaint.

9. Under the terms and conditions of the GIA, the Indemnitors, jointly and severally, promised and bound themselves to and "shall at all times indemnify, exonerate and hold [The] Hartford harmless from and against all Loss, claims, demands, liabilities, suits and causes of action which are in any way related to any Underwriting activities, Bonds or this Agreement." GIA, p.3 at ¶ 5.

10. Under the terms and conditions of the GIA, the term "Loss" shall include all manner of losses, costs, expenses or fees of any kind or nature which are paid or incurred by [The] Hartford as a result of or in any way relating to the entering into and enforcement of this Agreement or the Underwriting of any Bonds[, and] shall include, without limitation, any and all expenditures relating to [The] Hartford's financial investigations, claim investigations, claim payments, payments to discharge liability and Bond related litigation of any nature, legal, expert, administrative, consultant and other professional fees and costs, court costs, travel expenses, unpaid premiums, unpaid loans which may be extended to, or guaranteed for or on behalf of any Indemnitor and interest on sums expended at the maximum lawful rate. Loss shall be determined broadly in favor of [The] Hartford." ID., p.2 at ¶ 1(e).

11. In reliance upon the terms and conditions of the GIA, and the promises of the Indemnitors to exonerate and indemnify it for any and all losses as they agreed, The Hartford considered the applications of Asturian, and issued contract payment and performance bonds for at least sixteen (16) federal construction projects awarded by various departments and agencies of the United States of America (the "United States" or "NAVFAC").

12. With respect to each of the construction projects, and in accordance with the terms and conditions of its various general contracts and the provisions of *The Miller Act*, 40 U.S.C. §§ 3131, *et seq*., Asturian furnished to the United States its contract payment and performance bonds for each of the projects. The bonds were issued by The Hartford, as surety, naming Asturian as its principal and the United States as its obligee. Each of the performance bonds was issued to secure Asturian's performance of its obligations to the United States under the general contract for which it was issued, and each of the payment bonds was issued for the protection of all

persons who qualify as proper claimants who supplied labor and/or materials directly to Asturian or one its subcontractors in connection with the construction of the project for which it was issued.

**The Hartford's Investigative Efforts, Receipt of Claims, Losses and Demands for Collateral**

13. On September 30, 2019, The Hartford began issuing payment and performance bonds. Overall, it issued bonds securing sixteen (16) projects between September 30, 2019 and October 4, 2021, which projects are listed in ¶¶ 23A-23P below.

14. On January 23, 2023, The Hartford received an email from NAVFAC relating to concerns with respect to Asturian's performance on a number of projects, including (a) the Autonomous Underwater Vehicle Project and (b) the Columbia Class Addition Project. As a result, The Hartford began its investigation and retained The Vertex Companies, LLC, a construction and engineering consulting firm, and Manier & Herod, P.C., a law firm with expertise in suretyship and construction.

15. On May 25, 2023, The Hartford filed its UCC-1 Financing Statement with the State Corporation Commission of Virginia. A true and accurate copy of the UCC-1 is attached as Exhibit 2.

16. On June 1, 2023, Asturian signed a Request for Financial Assistance directed to The Hartford acknowledging its default under the GIA and the various bonds, and reaffirmed and acknowledged in ¶11 of that document all of its obligations to The Hartford under the GIA. A true and accurate copy of the Request for Financial Assistance is attached as Exhibit 3 and is incorporated by reference as if fully set forth in this Complaint.

17. By letter dated June 2, 2023, The Hartford advised Asturian, Mr. Quiroz and Mrs. Quiroz that it had received and paid, or was in the process of paying, certain payment bond claims

on three of the projects and, at the request of Asturian, made payment to certain subcontractors and suppliers in the approximate amount of $81,359.44, exclusive of professional fees and related costs and expenses. It also advised that it was aware of possible additional claims against the bonds. It concluded by reminding them of their obligations to indemnify and exonerate The Hartford, and to provide collateral upon demand. A true and accurate copy of the June 2, 2023 letter is attached as Exhibit 4.

18. In addition, Asturian signed a Collateral Agent Agreement dated June 26, 2023 under the terms of which it agreed to the appointment of U.S. Bank National Association ("U.S. Bank") as the Collateral Agent and Mattson, Driscoll & Damico, LLP ("MDD") as the Funds Control Agent. The Collateral Agent Agreement is attached as Exhibit 5.

19. In the meantime, The Hartford became increasingly concerned about the status of the projects and the use of contract funds, particularly since (a) it appeared more contract funds had been received than disbursed to satisfy Asturian's payment obligations on some of the projects, (b) many of Asturian's payment obligations remained outstanding, and (c) payment bond and performance bond claims were being received. As a result, it was forced to retain construction consultants to investigate the status of the various projects and retain legal counsel to assist to protect its rights. As a result of those efforts, The Hartford, with the assistance of its construction consultants and legal counsel, entered into three Takeover Agreements with NAVFAC as noted in ¶¶ 23A, 23B and 23J below.

20. Sometime prior to September 25, 2024, Asturian advised its customers in an undated letter that it was winding down its corporate activities and closing its doors. After receiving advices from Mr. Quiroz about that development, The Hartford received a copy of the letter via email on

September 25, 2024. A copy of the letter is attached as Exhibit 6.

21. As a result of these continuing developments, the losses it was incurring and its projected losses, The Hartford, by letters to Asturian, Mr. Quiroz and Mrs. Quiroz dated (a) September 28, 2023, (b) August 20, 2024 and (c) April 30, 2025 asserted its demands that they provide collateral in the amounts of $ 3,843,309.00, $ 13,652,251.29 and $ 19,520,251.00, respectively, within ten (10) days of each letter (the "Collateral Demands"). True and accurate copies of The Hartford's Collateral Demands are attached as Exhibits 7A, 7B and 7C and are incorporated by reference as if specifically set forth in this Complaint. Asturian, Mr. Quiroz and Mrs. Quiroz did not respond to or honor any of the Collateral Demands.

22. As of August 28, 2026, The Hartford has received and paid claims under (a) the payment bonds in the amount of at least $ 12,553,591.41, and (b) the performance bonds in the amount of at least $ 9,640,851.99. Together, all payment bond and performance bond losses paid through August 28, 2026, after accounting for its receipt of $ 5,560,976.44 in remaining contract funds from NAVFAC, collectively total at least $ 22,194,443.40 a figure which continues to increase. In addition, as of August 28, 2026, The Hartford has paid Professional and Other Project Related Expenses in the cumulative amount of at least $ 4,559,354.40, a figure which also continues to increase. A spreadsheet of the Professional and Other Project Related Expenses is attached as Exhibit 9. Although the losses continue to increase, ***as of August 28, 2026,*** The Hartford's losses total at least $ 21,192,821.36.

23. The Payment and Performance Bond claims, and the Professional and Other Project Related Expenses which The Hartford has paid thus far are listed below on a project-by-project basis:

## NEWPORT RHODE ISLAND PROJECTS

### A. Autonomous Underwater Vehicle, Newport, Rhode Island

Obligee: United States/NAVFAC
Bond Nos.: 14 BCS IF 0309
Penal Sum: $ 8,300,000.00
Bond Date: September 30, 2019

| Type of Bond Losses | Amount | Running Total |
|---|---|---|
| Performance Bond Losses | $ 1,582,831.43 | |
| Payment Bond Losses | 5,228,475.76 | |
| Subtotal | $ 6,811,307.19 | $ 6,811,307.19 |

Please see Exhibit 8A for copies of the bonds, Takeover Agreement and an itemized spreadsheet of the bond losses.

### B. Columbia Class Addition, Newport, Rhode Island

Obligee: United States/NAVFAC
Bond No.: 14 BCS IF 0310
Penal Sum: $ 5,476,293.00
Bond Date: September 30, 2019

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 0 | |
| Payment Bond Losses | 3,875,282.51 | |
| Professional and Other Project Related Expenses | 4,486,586.75 | |
| Subtotal | $ 8,361,869.26 | $ 15,173,176.45 |

Please see Exhibit 8B for copies of the bonds, Takeover Agreement and an itemized spreadsheet of the bond losses and Professional and Other Project Related Expenses.

### C. Stillwater Waterfront Newport, Rhode Island

Obligee: United States/NAVFAC
Bond No.: 14 BCS IF 0311
Penal Sum: $ 6,720,332.00
Bond Date: September 30, 2019

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 6,593,364.00 | |
| Payment Bond Losses | 151,010.74 | |
| Professional and Other Project Related Expenses | 31,687.00 | |
| Subtotal | $ 6,776,061.74 | $ 21,949,238.19 |

Please see Exhibit 8C for copies of the bonds
and an itemized spreadsheet of the bond losses
and Professional and Other Project Related Expenses.

**D. Carr Point North Newport Softball Field, Newport, Rhode Island**

| | |
|---|---|
| Obligee: | United States/CNIC Facilities |
| Bond No.: | 14 BCS IP 6279 |
| Penal Sum: | $ 611,000.00 |
| Bond Date: | March 3, 2021 |

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 611,000.00 | |
| Payment Bond Losses | 293,684.50 | |
| Professional and Other Project Related Expenses | 20,773.15 | |
| Subtotal | $ 925,457.65 | $ 22,874,695.84 |

Please see Exhibit 8D for copies of the bonds
and an itemized spreadsheet of the bond losses
and Professional and Other Project Related Expenses.

## LANGLEY AIR FORCE BASE PROJECTS

**E. LAFB Repair Hanger 372 Langley Air Force Base**

| | |
|---|---|
| Obligee: | United States/Air Force |
| Bond No.: | 14 BCS IF 9519 |
| Penal Sum: | $ 5,613,324.00 |
| Bond Date: | July 2, 2020 |

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 0 | |
| Payment Bond Losses | 193,524.30 | |
| Subtotal | $ 193,524.30 | $ 23,068,220.14 |

Please see Exhibit 8E for copies of the bonds
and an itemized spreadsheet of the bond losses.

**F. LAFB Rep Storage Facility 751**
**Langley Air Force Base**

| | |
|---|---|
| Obligee: | United States/Air Force |
| Bond No.: | 14 BCS II 6496 |
| Penal Sum: | $ 4,525,923.00 |
| Bond Date: | September 18, 2020 |

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 0 | |
| Payment Bond Losses | 11,700.00 | |
| Subtotal | $ 11,700.00 | $ 23,079,920.14 |

Please see Exhibit 8F for copies of the bonds and an itemized spreadsheet of the bond losses.

**G. Bulk Fuel Facility, Langley Air Force Base**

Obligee: United States/Air Force
Bond No.: 14 BCS IL 3992
Penal Sum: $ 619,169.00
Bond Date: September 29, 2020

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 0 | |
| Payment Bond Losses | 571,733.36 | |
| Subtotal | $ 571,733.36 | $ 23,651,653.50 |

Please see Exhibit 8G for copies of the bonds and an itemized spreadsheet of the bond losses.

**H. Replace Maintenance Holes Langley Air Force Base**

Obligee: United States/Air Force
Bond No.: 14 BCS IP 6274
Penal Sum: $ 929,335.00
Bond Date: February 16, 2021

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 0 | |
| Payment Bond Losses | 602,320.08 | |
| Subtotal | $ 602,320.08 | $ 24,253,973.58 |

Please see Exhibit 8H for copies of the bonds and an itemized spreadsheet of the bond losses.

**I. LAFB Rep Control Tower 381 Langley Air Force Base**

Obligee: United States/NAVFAC
Bond No.: 14 BCS IP 6295
Penal Sum: $ 4,118,008.00
Bond Date: May 26, 2021

| Type of Bond Losses | Amount |
|---|---|
| Performance Bond Losses | $ 0 |
| Payment Bond Losses | 10,075.00 |

| | | |
|---|---|---|
| Subtotal | $ 10,075.00 | $ 24,264,048.58 |

Please see Exhibit 8I for copies of the bonds and an itemized spreadsheet of the bond losses.

**J. Building 355, Dam Neck Langley Air Force Base**

Obligee: United States/Air Force
Bond No.: 14 BCS IR 3901
Penal Sum: $ 1,262,538.00
Bond Date: August 12, 2021

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 613,656.56 | |
| Payment Bond Losses | 334,118.96 | |
| Subtotal | $ 947,775.52 | $ 25,211,824.10 |

Please see Exhibit 8J for copies of the bonds, Takeover Agreement and an itemized spreadsheet of the bond losses.

**K. Lawson Hall Langley Air Force Base**

Obligee: United States/Air Force
Bond No.: 14 BCS IR 3908
Penal Sum: $ 4,690,702.00
Bond Date: October 4, 2021

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 240,000.00 | |
| Payment Bond Losses | 110,860.96 | |
| Subtotal | $ 350,860.96 | $ 25,562,685.06 |

Please see Exhibit 8K for copies of the bonds and an itemized spreadsheet of the bond losses.

## OTHER PROJECTS ELSEWHERE

**L. Installation of Underground Utilities Naval Shipyard Bldg. 151 Kittery, Maine**

Obligee: United States/NAVFAC
Bond No.: 14 BCS II 6490
Penal Sum: $ 1,893,973.26
Bond Date: September 2, 2020

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 0 | |
| Payment Bond Losses | 1,236,226.26 | |
| Professional and Other Project Related Expenses | 20,307.50 | |
| Subtotal | $ 1,256,533.76 | $ 26,819,218.82 |

Please see Exhibit 8L for copies of the bonds and an itemized spreadsheet of the bond losses and Professional and Other Project Related Expenses.

**M. Lower Base Electrical Feeder Repair Groton, Connecticut**

Obligee: United States/NAVFAC
Bond No.: 14 BCS IP 6278
Penal Sum: $ 2,869,286.00
Bond Date: March 3, 2021

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 0 | |
| Payment Bond Losses | 548,526.57 | |
| Subtotal | $ 548,526.57 | $ 27,367,745.39 |

Please see Exhibit 8M for copies of the bonds and an itemized spreadsheet of the bond losses.

**N. Battery Park, Battery Park, New York**

Obligee: United States/U.S. Coast Guard
Bond No.: 14 BCS IP 6286
Penal Sum: $ 3,770,679.00
Bond Date: April 15, 2021

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 0 | |
| Payment Bond Losses | 347,703.35 | |
| Subtotal | $ 347,703.35 | $ 27,715,448.74 |

Please see Exhibit 8N for copies of the bonds and an itemized spreadsheet of the bond losses.

**O. Repair 2 Existing Paint Booths
South Weymouth, Massachusetts**

Obligee: United States/U.S. Coast Guard
Bond No.: 14 BCS IP 6290
Penal Sum: $ 910,359.00
Bond Date: May 11, 2021

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 0 | |
| Payment Bond Losses | 109,050.00 | |
| Subtotal | $ 109,050.00 | $ 27,824,498.74 |

Please see Exhibit 8O for copies of the bonds and an itemized spreadsheet of the bond losses.

**P. Replace Lintels on Hamilton Hall, U.S. Coast Guard Academy New London, Connecticut**

Obligee: United States/U.S. Coast Guard
Bond No.: 14 BCS IR 3900
Penal Sum: $ 910,359.00
Bond Date: August 12, 2021

| Type of Bond Losses | Amount | |
|---|---|---|
| Performance Bond Losses | $ 0 | |
| Payment Bond Losses | 145,217.82 | |
| Subtotal | $ 145,217.82 | $ 27,969,716.57 |

Please see Exhibit 8P for copies of the bonds and an itemized spreadsheet of the bond losses.

24. Under the terms and conditions of the GIA, Asturian, Mr. Quiroz and Mrs. Quiroz, jointly and severally, specifically agreed and promised, among other things:

> "[to] at all times indemnify, exonerate and hold [The] Hartford harmless from and against all Loss, claims, demands, liabilities, suits and causes of action which are in any way related to any Underwriting activities, Bonds or this Agreement."

GIA, p.3 at ¶ 5, Indemnity and Exoneration. They further agreed:

. . . .

> "[to] immediately deposit with [The] Hartford funds, as collateral, in any amount [The] Hartford deems necessary at the time of said demand to protect itself from actual or anticipated Loss" . . . "[and] that their failure to immediately deposit with [The] Hartford any sums demanded . . . shall cause irreparable harm to [The] Hartford for which it has no adequate remedy at law . . ." [that they] shall stipulate in any legal proceeding that [The] Hartford is entitled to injunctive relief for specific performance of said collateral deposit obligation.

ID., p. 3 at ¶ 5, Demand for Collateral.

25. The Hartford has called upon Asturian, Mr. Quiroz and Mrs. Quiroz to specifically perform and fulfill their contractual obligations to exonerate and indemnify it, and to deposit collateral in accordance with the terms and conditions of the GIA.

26. Notwithstanding The Hartford's demands, and their contractual obligations to honor those demands under the terms and conditions of the GIA, Asturian, Mr. Quiroz and Mrs. Quiroz have wholly failed and otherwise refused to provide the collateral required by The Hartford's Collateral Demands and to otherwise exonerate, indemnify and hold The Hartford harmless by procuring the discharge of the various bonds.

27. Under the terms and conditions of the GIA, The Hartford is entitled (a) to be fully exonerated and indemnified by Asturian, Mr. Quiroz and Mrs. Quiroz, jointly and severally, from and against any and all liabilities, losses, damages, charges, expenses, costs, and consultants' and attorneys' fees as the result of the issuance of the contract bonds on behalf of Asturian, and (b) to enforce those obligations and immediately compel the specific performance of those obligations by Asturian, Mr. Quiroz and Mrs. Quiroz, jointly and severally.

## COUNT I
## BREACH OF CONTRACT

28. The Hartford restates and incorporates the allegations as set forth in ¶¶ 1 through 27 above as if specifically set forth in this paragraph.

29. Under the terms and conditions of the GIA, the Indemnitors, jointly and severally, are obligated to comply with all of the terms and conditions of the GIA, and to exonerate and indemnify The Hartford from and against any and all liabilities, losses, damages, costs, charges, expenses, and consultants' and attorneys' fees incurred as a result of the issuance of any bond on behalf of Asturian.

30. The Indemnitors have failed and refused to comply with the terms and conditions of the GIA, and to exonerate and indemnify The Hartford from and against any and all liabilities, losses, damages, costs, charges, expenses, and consultants' and attorneys' fees incurred.

31. The Indemnitors' failure and/or refusal to indemnify and exonerate The Hartford under the terms and conditions of the GIA constitutes a default and material breach of contract, the direct and natural result of which has caused The Hartford to sustain significant damages.

WHEREFORE, The Hartford seeks judgment against Asturian, Mr. Quiroz and Mrs. Quiroz, jointly and severally, in the principal amount of at least $ 21,192,821.36 for those losses ***through August 28, 2026***, or those sums which the evidence may otherwise establish for subsequent losses, plus interest at the pre-judgment rate on each payment, as well as post-judgment interest on the entire sum until paid, all as provided by the terms and conditions of the GIA.

## COUNT II
## SPECIFIC PERFORMANCE

32. The Hartford restates and incorporates the allegations set forth in ¶¶ 1 through 31 above as if specifically set forth in this paragraph.

33. The Hartford, in reliance upon the execution of the GIA by Asturian, Mr. Quiroz and Mrs. Quiroz, issued its contract payment and performance bonds on numerous federal construction projects naming Asturian as its principal, and the United States as its obligee, has been presented with numerous claims under its various payment and performance bonds, and faces significant exposure under both its payment and performance bonds, and has and will continue to incur losses and consultants' and attorneys' fees, costs and expenses by virtue of the issuance of the bonds.

34. Asturian, Mr. Quiroz and Mrs. Quiroz agreed to exonerate and indemnify The Hartford, upon demand, by among other things, collateralizing their indemnity obligations, and discharging any liabilities under the bonds.

35. Notwithstanding The Hartford's demands, Asturian, Mr. Quiroz and Mrs. Quiroz have wholly refused and/or otherwise failed to discharge all of the liabilities under the various bonds, collateralize their indemnity obligations and/or otherwise perform their obligations under the GIA.

36. Asturian, Mr. Quiroz and Mrs. Quiroz's actions and failures to act constitute a default under the GIA and a breach of contract, which breaches are material in nature and are subjecting The Hartford to significant exposure and other losses.

37. As a result of their failure to perform, for which there is no adequate remedy at law, The Hartford is entitled to the entry of an order compelling the Indemnitors and each of them to immediately and specifically perform their obligations under the express terms and conditions of the GIA by (a) depositing sufficient funds to discharge any and all claims made against The Hartford, whether The Hartford has made any payment or established any reserve, and to satisfy all outstanding consultants' and attorneys' fees, costs and expenses, (b) completely discharging the liabilities for which The Hartford is responsible under the bonds and/or providing collateral and/or an irrevocable letter of credit in the amount of at least $ 21,192,821.36 for those losses ***through August 28, 2026***, or those sums which the evidence may otherwise establish for subsequent losses or as the evidence may establish, and (c) providing full and complete access to their books and records.

WHEREFORE, The Hartford requests the entry of an order compelling Asturian, Mr.

Quiroz and Mrs. Quiroz, jointly and severally, to immediately and specifically perform their obligations under the GIA.

## COUNT III
## QUIA TIMET AND INJUNCTIVE RELIEF

38. The Hartford restates and incorporates the allegations as set forth in ¶¶ 1 through 37 above as if specifically set forth in this paragraph.

39. As of the filing of this Complaint, The Hartford (a) has been presented with numerous payment bond and performance bond claims on the projects listed in ¶ 23 above and (b) continues to face significant exposure under the various bonds, as well as ongoing consultants' fees, costs and expenses, attorneys' fees, costs and expenses, and other professional and project related fees and costs.

40. The Hartford justifiably fears it will sustain significant losses and irreparable harm as a result of its issuance of the contract bonds. The Hartford anticipates that it may sustain additional losses in the form of payments to satisfy (a) payment bond claims, (b) performance bond claims, (c) consultants' and attorneys' fees, costs and expenses and (d) other professional and project related fees and costs.

41. In accordance with the terms and conditions of the GIA, and the equitable doctrines of exoneration and *quia timet*, The Hartford is entitled to have the Indemnitors, jointly and severally, place it immediately in funds sufficient to cover the losses it has sustained and the losses it anticipates by virtue of its issuance of the contract payment and performance bonds.

42. Unless the assets of Asturian, Mr. Quiroz and Mrs. Quiroz's are marshaled, accounted for and preserved, and their indemnity obligations to The Hartford are collateralized and The Hartford is placed in funds or otherwise secured, The Hartford's obligations under the

contract bonds, and its rights of exoneration and indemnification under the GIA and the law will not be adequately secured.

43. The Hartford is entitled to be placed in funds in the amount of at least $ 21,192,821.36 for those losses ***through August 28, 2026***, or those sums which the evidence may otherwise establish for subsequent losses, and fully collateralized by the Indemnitors immediately and prior to making any further payments in discharge of its bond obligations.

44. The Hartford is without a plain, speedy or adequate remedy at law which will serve to immediately exonerate and indemnify it for its losses and probable liabilities, and will be irreparably and permanently injured unless this Court grants immediate injunctive and equitable relief. Further, unless injunctive and *quia timet* relief are granted immediately, The Hartford is fearful that the Indemnitors are likely to sell, transfer, dispose of, lien, secure or otherwise divert or encumber their assets from being used to discharge their obligations to exonerate and indemnify The Hartford, all to The Hartford's irreparable harm.

45. The Hartford has been forced to retain construction consultants and legal counsel and incur other professional and project related expenses and costs in pursuit of its rightful interests in this matter, and is entitled to be exonerated and indemnified in accordance with the terms and conditions of the GIA and the law.

WHEREFORE, The Hartford requests the entry of an order (1) awarding judgment in its favor, and (2) granting mandatory and prohibitory injunctive relief against Asturian, Mr. Quiroz and Mrs. Quiroz, jointly and severally, as follows:

A. Directing Asturian, Mr. Quiroz and Mrs. Quiroz, and their executors, administrators, distributees, successors and assigns, or anyone acting in concert with

them or on their behalf to:

> 1. Immediately exonerate The Hartford and place it in funds in at least the amount of $ 21,192,821.36 for those losses through August 28, 2026, or those sums which the evidence may otherwise establish for subsequent losses by money, property, liens or other security interests in property, as determined by The Hartford, to collateralize and serve as ample security for its obligations under the payment bonds, and rights of exoneration and indemnification under the GIA;
>
> 2. Render to The Hartford an immediate, full and complete accounting of any and all assets owned by them or in which they have had any interest since April 24, 2019 and the disposition of the same;
>
> 3. Allow The Hartford and/or their representatives immediate, full and complete access to all financial records, books and accounts which are maintained by them or on their behalf;
>
> 4. Indemnify and exonerate The Hartford for any and all liabilities, losses and expenses, including consultants' and attorneys' fees, which have been and/or may be incurred by The Hartford as a result of The Hartford having executed bonds for Asturian;

B. Permanently enjoining and restraining Asturian, Mr. Quiroz and Mrs. Quiroz and their executors, administrators, distributees, successors and assigns, or anyone acting in concert with them or on their behalf, from:

> 1. Selling, transferring or otherwise disposing of or encumbering their assets and property in any manner, form or shape whatsoever;
>
> 2. Allowing their assets and property to be liened or otherwise encumbered, unless and until The Hartford shall be placed in funds or otherwise secured as required by the GIA;

C. Granting a lien upon all of the corporate and personal assets and property of Asturian, Mr. Quiroz and Mrs. Quiroz and their executors, administrators, distributees, successors and assigns, or anyone acting in concert with them or on their behalf, including all real and personal property, which they may own or in which they have an interest, either individually or jointly, for the purpose of securing The Hartford against

any and all losses that it may sustain or incur by virtue of having executed payment and performance bonds for Asturian, and to remain in effect unless and until The Hartford shall be placed in funds or otherwise secured as required by the GIA; and

D. Awarding such further relief as the Court deems just.

Respectfully submitted,

**HARTFORD CASUALTY INSURANCE COMPANY**

By Counsel

*/s/ Richard T. Pledger*
Richard T. Pledger (VSB No. 28102)
John W. Trent (VSB No. 88052)
WRIGHT, CONSTABLE & SKEEN, LLP
301 Concourse Boulevard
Suite 120, West Shore III
Glen Allen, Virginia 23059
Telephone: (804) 362-8293
Facsimile: (804) 441-9250
e-mail: rpledger@wcslaw.com
email: jtrent@wcslaw.com
*Counsel for The Hartford Insurance Company*